EBP/MHF: USAO 2017R00691

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 18cr 463 |
| | * | |
| MING ZHANG, | * | (Conspiracy to Transport Stolen |
| | * | Funds, 18 U.S.C. §371; Forfeiture, |
| Defendant | * | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

# INFORMATION

## COUNT ONE

The United States Attorney for the District of Maryland charges that:

### Introduction

1. Defendant **MING ZHANG** ("**ZHANG**") was a resident of Alexandria, Virginia, and employed at Casino 1 as a dealer.

2. Casino 1 was a casino located in Maryland. Casino 1 had a gaming floor that had various table games, including Baccarat.

3. Baccarat is a card game in which players compare the value of two hands of cards – a "player" hand and a "dealer" hand. Each card has a point value and, before any cards are dealt, bettors place bets on which hand will be closest to nine. A "dealer," typically a casino employee, then distributes the cards between the player and dealer hands according to fixed rules. If a bettor knows the order in which cards appear in the deck, the bettor can predict the outcome of any given baccarat hand with near-perfect accuracy and place bets accordingly.



## The Conspiracy

4. Between no later than in or around July 2017 and in or around September 2017, in the District of Maryland and elsewhere, the defendant,

**MING ZHANG,**

did knowingly conspire, confederate, and agree with Co-Conspirator A and other persons, known and unknown to the United States Attorney, to commit an offense against the United States, that is, to transport in interstate commerce any money, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314.

## Purpose of the Conspiracy

5. It was a purpose of the conspiracy that **ZHANG** and Co-Conspirator A would enrich themselves personally.

## Manner and Means of the Conspiracy

6. The conspiracy was carried out through the following manner and means, among others:

   a. It was part of the conspiracy that **ZHANG** notified Co-Conspirator A when **ZHANG** was scheduled to work as a baccarat dealer at Casino 1.

   b. It was further part of the conspiracy that, when Co-Conspirator A arrived at the baccarat table at which **ZHANG** was dealing, **ZHANG** exposed a portion of the baccarat deck to Co-Conspirator A.

   c. It was further part of the conspiracy that Co-Conspirator A took a picture of the deck before the cards were placed back into the shoe.

   d. It was further part of the conspiracy that Co-Conspirator A would play baccarat after photographing the unshuffled cards.

3

e. It was further part of the conspiracy that Co-Conspirator A paid **ZHANG** money and agreed to pay **ZHANG** additional proceeds from the profits of the scheme.

f. It was further part of the conspiracy that Co-Conspirator A transported the proceeds from this offense outside of the State of Maryland.

### Overt Acts

7. In furtherance of the conspiracy and to achieve its purposes, **ZHANG** and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

a. On or about September 27, 2017, in Maryland, **ZHANG** called Co-Conspirator A to inform Co-Conspirator A that **ZHANG** would be dealing baccarat at Casino 1 that evening.

b. On or about September 27, 2017, while dealing baccarat at Casino 1, **ZHANG** exposed the deck of cards to Co-Conspirator A, thereby allowing Co-Conspirator A to record the exposed cards.

c. On or about September 27, 2017, after exposing the cards to Co-Conspirator A, **ZHANG** then failed to shuffle that portion of the deck, placing the cards into play in the same order as they were exposed to Co-Conspirator A.

d. On or about September 27, 2017, Co-Conspirator A and other conspirators placed large bets when the unshuffled portion of the deck came into play.

e. On or about September 27, 2017, after his co-conspirators successfully executed their scheme at Casino 1, **ZHANG** contacted Co-Conspirator A to arrange to receive a portion of the proceeds of the scheme.

    f. On or about September 27, 2017, Co-Conspirator A transported the scheme proceeds outside of the State of Maryland.

18 U.S.C. § 371

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

2. As a result of the offense set forth in Count One, the defendant,

**MING ZHANG,**

shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to such violation.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

Date: September _____, 2018