**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 8:18-cr-00463-PWG-1** |
| **Ming Zhang** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION AND ORDER**</u>

This Memorandum Opinion and Order addresses Defendant Ming Zhang's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 49. Mr. Zhang is being housed at a Bureau of Prisons ("BOP") facility, FCI Fort Dix, which has been subjected to an outbreak of COVID-19. Mr. Zhang is in good health and has not been recognized as a medically vulnerable inmate. Mot. Mem. 1; *see* Gov't Resp. Ex. 2 (medical records), ECF No. 55-2.  Mr. Zhang asks this Court to convert his remaining prison term to home confinement. Mot. Mem. 5. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons discussed below, Mr. Zhang's motion is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

On September 6, 2018, Mr. Zhang pleaded guilty to a Criminal Information that charged him in Count One with conspiracy to transport stolen funds, in violation of 18 U.S.C. § 371. Gov't Resp. 2. Mr. Zhang and his coconspirators defrauded several Maryland casinos, successfully stealing over $1 million. *Id.* at 13. The Court sentenced Mr. Zhang to 18 months of imprisonment,

---

[1] The motion is fully briefed.  *See* ECF Nos. 49, 55, and 55-1.

followed by three years of supervised release. *Id.* at 3. His projected release date is May 6, 2021. *Id.*

Mr. Zhang is 33-years old and is in good health. *See* Gov't Resp. Ex. 2 (medical records). Since being incarcerated, Mr. Zhang's primary medical complains include an infected tooth in May 2020, right shoulder pain due to an exercise-induced injury in June 2020, and a single fainting spell accompanied by loose stool and chills in April 2020. *See* Gov't Resp. Ex. 2 (medical records). At the time of filing, FCI Fort Dix had no active COVID-19 cases, and approximately 40 inmates and staff had previously recovered. Gov't Resp. 10. Mr. Zhang filed a request with the warden of FCI Fort Dix on May 14, 2020. Gov't Resp. Ex. 1 (inmate request), ECF No. 55-1. On May 22, 2020, the warden responded in writing asking Mr. Zhang to amend his request to specify under which of the enumerated circumstances his sentence should be reduced. *Id.* The warden also asked Mr. Zhang to include a detailed release plan. *Id.* Mr. Zhang did not respond to this request. Gov't Resp. 9-10. He now seeks compassionate release from this Court.

The Government opposes his motion, stating that Mr. Zhang has not demonstrated the extraordinary and compelling reasons needed to qualify for compassionate release. Gov't Resp. 10-11. The Government asserts that Mr. Zhang does not suffer from any medical conditions that place him at risk of complications from COVID-19. *Id.* at 10. The Government does not assert that Mr. Zhang is a danger to his community, although it does argue that his conduct caused economic harm. *Id.* at 12. Importantly, the Government asserts the Mr. Zhang has not met his burden of demonstrating that he has exhausted administrative remedies because he never submitted a completed Compassionate Release Request. *Id.* at 9-10. The Government also describes the aggressive actions taken by the BOP to mitigate the risk of COVID-19 transmission in facilities. *Id.* at 7-8.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Zhang requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[2] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

First, a court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is not satisfied. Mr. Zhang has not exhausted all administrative rights because he never submitted a completed Compassionate Release Request to the BOP. Gov't Resp. 9-10. As such, the 30-day

---

[2] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant, provided the defendant has exhausted his or her administrative remedies.

requirement has not passed. *Id.* at 9. Therefore, I do not have the authority to rule on this motion at this time. *See, e.g.*, *United States v. Johnson*, 451 F. Supp. 3d 436, 442 (D. Md. 2020) ("[T]his Court does not have jurisdiction to address requests for reduction of a sentence until there has been an exhaustion of administrative remedies in accordance with the statute."); *United States v. King*, DKC-16-0484, 2020 WL 1505900, at *1 (D. Md. Mar. 30, 2020) (vacating court's previous orders to transfer Defendants to home confinement because they had not fully exhausted their administrative remedies).

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Zhang faces. Nonetheless, until Mr. Zhang has fully exhausted his administrative remedies, or waited at least 30 days with no BOP determination, the Court lacks jurisdiction to consider whether there are "extraordinary and compelling reasons" that warrant his release to home confinement. Therefore, his motion is DENIED WITHOUT PREJUDICE.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 9th day of October 2020, hereby ORDERED that Mr. Zhang's Emergency Motion for Compassionate Release (ECF No. 49) is DENIED WITHOUT PREJUDICE.

/S/
Paul W. Grimm
United States District Judge