**18463**
## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Case No. 8:18-cr-00463-PWG-1** |
| **Ming Zhang** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Ming Zhang's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 58. Mr. Zhang is being housed at a Bureau of Prisons ("BOP") facility, FCI Fort Dix, which has been subjected to an outbreak of COVID-19. Mr. Zhang's previous motion, ECF No. 49, was denied without prejudice for failure to exhaust his administrative remedies.  Mem. Op., ECF No. 57.  Mr. Zhang now asks this Court to reduce his sentence to time served, or alternately, convert his remaining prison term (less than three months) to home confinement. Mot. 1, 12. I have reviewed all the materials[1] and find a hearing unnecessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons discussed below, Mr. Zhang's motion is GRANTED, and he shall be released to serve the remainder of his sentence under home confinement as a condition of supervised release.

## BACKGROUND

On September 6, 2018, Mr. Zhang pleaded guilty to a Criminal Information that charged him in Count One with conspiracy to transport stolen funds, in violation of 18 U.S.C. § 371. Gov't Resp. 2. Mr. Zhang and his coconspirators defrauded several Maryland casinos, successfully stealing over $1 million. *Id.* at 1-2. The Court sentenced Mr. Zhang to 18 months of imprisonment,

---

[1]        The motion is fully briefed.  *See* ECF Nos. 63, 68; *see also* ECF Nos. 60, 62, 67.

followed by three years of supervised release. *Id.* at 2. His projected release date is May 6, 2021.
*Id.*

Mr. Zhang is 34-years old and complains of kidney stones and renal insufficiency.[2]  Mot.
1, 6; *also see* Medical Records, ECF No. 65-1.  Mr. Zhang primarily focuses on the ever-worsening
circumstances related to the COVID-19 outbreak at FCI-Fort Dix.  *See* Mot. 3-5; Suppl. Mems.,
ECF Nos. 58-1, 60, 62, 67; Reply, ECF No. 68.  For example, Mr. Zhang reported at the end of
January that he "watched as the number of Covid-19 positive cases at Fort Dix climbed from 17
on the 15th of December to 150 on Christmas Eve, 295 on New Years's [sic] Eve, 590 by the
Fourth and 789 on January 10."  Suppl. Mem. 1, ECF No. 67.

The Government opposes his motion, stating that Mr. Zhang has not demonstrated the
extraordinary and compelling reasons needed to qualify for compassionate release. Gov't Resp. 1,
14-17.  The Government does not assert that Mr. Zhang is a danger to his community, although it
does argue that his conduct caused economic harm. *Id.* at 17.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18
U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).  However,
there is an exception when modification is "expressly permitted by statute." 18 U.S.C. §
3582(c)(1)(B). Here, Mr. Zhang requests a modification of his sentence for "compassionate
release" under the First Step Act, as amended.[3]  The First Step Act permits a defendant to petition

---

[2]     Mr. Zhang did not mention this complaint in his prior motion, and he was generally found to be in
good health.  *See* Mem. Op., ECF No. 57.
[3]     The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. §
3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of
Prisons ("BOP").  In 2018 Congress amended the compassionate release mechanism when it enacted the
First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018).  As amended, the compassionate release
provision allows the court to act on a motion for compassionate release filed by a defendant, provided the
defendant has exhausted his or her administrative remedies.

a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i).  Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.*

## I.     Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A).  Mr. Zhang's request for compassionate release was denied by the Warden at Fort Dix on October 30, 2020.  Mot. Ex., ECF 58-2.  The Government agrees that Mr. Zhang has now exhausted his administrative remedies, and that the Court has the authority to rule on this motion.  Gov't Resp. 14.

## II.    Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements.  18 U.S.C. § 3582(c)(1)(A).  I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at \*7-9 (D. Md. May 22, 2020) (holding the same and

collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020). More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020). However, while not binding, *id.*, the Sentencing Commission's policy statements may provide useful guidance.

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Zhang contends that he is vulnerable to serious complications should he contract COVID-19 because of his chronic medical issues with kidney stones and renal insufficiency. Mot. 3-6. He adds that this risk is compounded by the high infection rate at Fort Dix and BOP's inability to control the spread within the prison. *Id.* Mr. Zhang reports that his creatinine levels are elevated, and he indicates that he is potentially suffering from chronic kidney disease. *Id.* at 6. The medical staff has denied his requests for retesting. Reply 2.

According to the CDC, individuals with chronic kidney disease are at an increased risk, but the Government argues that Mr. Zhang's medical records do not indicate that he has chronic kidney disease. Gov't Resp. 15. Rather, his irregular lab results in December 2020 *could* suggest chronic kidney disease if it continued for three months. *Id.* The Government adds this Mr. Zhang's

4

age, at 34, does not fit in a high-risk category.  *Id.* at 16.  But the Government agrees that Mr. Zhang is not a danger to the community.  *Id.* at 17.

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19.  *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions).  Judges in this court have also recently granted motions for compassionate release from inmates housed at Fort Dix as "one of the federal prisons most 'profoundly impacted by COVID-19.'" *United States v. Clem*, Criminal Action No. RDB-14-0405, 2021 WL 82947, at *3 (D. Md. Jan. 11, 2021) (quoting *United States v. Davis*, No. TDC-16-0116, 2020 WL 6785351, *2 (D. Md. Nov. 18, 2020)).

Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.  Indeed, Fort Dix is suffering from a severe outbreak of the COVID-19 virus and has suspended all visiting at the facility until further notice.  *See* Bureau of Prisons, COVID-19 Cases, available at https://www.bop.gov/coronavirus/ (last visited February 8, 2021).  Although Mr. Zhang is only 34-years old, he has served over 80 per cent of his sentence, his medical conditions make him more susceptible to complications from COVID-19, which presents a significant threat to Mr. Zhang's health and safety as well as other inmates at Fort Dix,[4] and he is not a danger to the community.  I find that these circumstances meet the extraordinary and compelling threshold.

---

[4]      "[F]urther reductions in the population [at Fort Dix] would advance the safety of the remaining inmates."  *Davis*, 2020 WL 6785351, at *2.

These concerns are further considered in the analysis of the sentencing factors.

## III.   Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Here, Mr. Zhang's offense was serious, as he acknowledges, and caused economic harm, but it was not a violent offense, and the Government agrees that he is not a danger to the community.  He has no criminal history, no juvenile adjudications, no adult criminal convictions, no prior arrests, no pending charges, and no motor vehicle violations.  Gov't Resp. 17 (citing PSR ¶¶ 30-34).  Mr. Zhang is a naturalized U.S. citizen with a strong employment history.  *Id.*  Mr. Zhang's reentry plan includes prospective employment once he is permitted to work.  Mot. 12.  He will reside with his parents in Bronx, New York.  *Id.*

Although the 18-month sentence was a just punishment, Mr. Zhang has served over 15 months of the sentence.  Importantly, he has faced substantially more severe conditions than were contemplated at the time of sentencing, not only from the risks of contracting COVID-19, but from the restrictions required to be implemented at Fort Dix in efforts to control the pandemic, including suspended prison programs, restrictions on movement, and suspension of visitation.  Under these circumstances, I find that granting release to allow Mr. Zhang to serve the remainder of his

sentence on home confinement is still consistent with the seriousness of the offense, promote respect for the law, and provide just punishment.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Zhang faces at Fort Dix.  I find that he has exhausted administrative remedies, shown extraordinary and compelling reasons for a sentence modification, and demonstrated that the applicable sentencing factors justify such a modification.  Therefore, Mr. Zhang's motion for compassionate release is GRANTED to the extent that he shall be released to serve the remainder of his sentence under home confinement with location monitoring.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 9th day of February 2021, hereby ORDERED that Mr. Zhang's Emergency Motion for Compassionate Release (ECF No. 58) is GRANTED subject to conditions.  Upon completing a 14-day quarantine concluding with a negative COVID-19 test, Mr. Zhang shall be released to reside with his parents, Xian Min Zhang and Li Zhen Mai, in their home in Bronx, New York.[5] Mr. Zhang shall be placed on home confinement with location monitoring for 71 days as a condition of supervised release, with an allowance for work release as approved by his probation officer.  Other previously imposed conditions of supervised release are unchanged.  An Amended Judgment shall separately issue.

_____/S/_____
Paul W. Grimm
United States District Judge

---

[5]    Address and contact information provided in Mr. Zhang's inmate request for compassionate release.  ECF No. 58-2.